RAILWAY COMPANY *v.* BEARD.

Opinion delivered June 11, 1892.

*Contract—Measure of damages for breach.*

> One who is aggrieved by defendant's breach of a contract to furnish him with a certain job of printing can recover only the net benefit which would have accrued to him from a performance of the contract, and cannot recover damages on account of the purchase of a printing press not needed for any other work, though defendant, after making the contract, requested him to purchase it.

Appeal from Miller Circuit Court.

CHARLES E. MITCHEL, Judge.

Action by C. E. Beard against the St. Louis, Arkansas & Texas Railway Co. The pleadings and evidence are stated in the opinion.

*Bunn & Gaughan* and *Sam H. West* for appellant.

1. The court erred in its instructions. The purchase of a press and type cannot be considered as an element of damages. There was no contract to purchase same.

2. The instructions asked by appellant state the correct rule as to the measure of damages. 53 Ark. 443; 33 *id.* 545; 5 L. R. A. 493; 5 Am. Rep. 177.

3. The verdict is excessive.

*Scott & Jones* for appellee.

1. The rule of damages was correctly stated by the court. 9 Exch. 354; 53 Ark. 434.

2. The damages were not excessive. At the time of making the contract it was understood that new material and presses were necessary, and they were purchased; and, by reason of the breach of the contract, appellee suffered loss by the depreciation in value of this material. See Wood on Master & Serv. (2d ed.) 245.

BATTLE, J.   Appellee sued the appellant on an oral contract made by him with defendant, which is set out in his complaint as follows : "It was orally contracted and agreed by and between plaintiff and defendant as follows: That in consideration plaintiff would furnish the material and print for said defendant its schedule or time table for the running of its trains, that said defendant would pay to plaintiff the sum of ten cents for each copy of said schedule so by defendant printed, and that each issue or edition of said schedule should be three thousand copies, and that said contract should remain in force between said parties so long as the general office of the said company of said defendant, then at Texarkana, should remain in Texarkana, and during said time that whenever any change in the time of running its trains should be made by the defendant that the plaintiff should print a new schedule of three thousand copies at ten cents each, and that said plaintiff should have the space of two weeks, after being furnished by defendant with a schedule, in which time to print the same."

Upon the trial of the action, plaintiff testified substantially as follows: "On August 13, 1888, being engaged at Texarkana, Ark., in the business of job printing, I consummated a contract with F. Huffsmith, appellant's superintendent of transportation, which had been pending and talked about for thirty or sixty days.   *   *   *
I informed Huffsmith that I was not prepared to do the character of printing wanted, but did not agree to buy a job press ; it was not contemplated that I should do so ; I told him I could do the printing either on Col. Warren's or Mr. Allen's press.   After I had printed Card No. 9, Huffsmith told me I must get a job press.   I did purchase a very large one not needed at Texarkana for any work except such as I had contracted to do for appellants.   After the job was taken from me I shipped the press back to New Orleans.   It cost me laid down at

Texarkana about $1800; do not remember the exact amount. The original contract did not require me to buy a press."

Upon this evidence in part the appellant asked the court to instruct the jury as follows : "If you find from the testimony that the contract sued on by plaintiff was liable to be terminated by the removal of defendant's general offices from Texarkana, then you are instructed that plaintiff, in purchasing press, type and other supplies to do printing for defendant, is presumed to have assumed the risk of the loss which he might or may have sustained by reason thereof, and he cannot recover herein for any depreciation of the value of such printing press, type and other material so purchased." And the court refused to give it as asked, but amended it by adding the words, " unless the same was produced by the breach of the contract so alleged to have been made by the defendant," and gave it as amended over the objection of the defendant.

The plaintiff recovered a judgment, and the defendant appealed to this court.

The court erred in amending the instruction asked for by the appellant and giving it as amended. According to appellee's own testimony, and there was no evidence to contradict it, the parties to the contract in question did not contemplate appellee buying a job press, but on the contrary it was expected that he would not. What Huffsmith told him to do, after the contract was entered into, was no part of the contract. He was consequently not entitled to any damages on account of the purchase of the press. The damages recoverable by him, if any, are the value of the benefits he would have directly received from the contract in the event it had been performed, and did not receive, less the reasonable expenses he would have incurred in the performance of

his part thereof. 2 Sedgwick on Damages (8th ed.), sec. 609.

The instruction as asked should have been given, and the error incorporated into it by the amendment should have been avoided in other instructions which were given.

Reversed and remanded for a new trial.