[No. 987. Decided December 22, 1893.]

JOHN A. PAINE, *Respondent*, v. JOSEPH B. HILL, *Defendant*, AND HALEY GROCERY COMPANY, *Appellant*.

### CONTRACT OF EMPLOYMENT — DISCHARGE — EVIDENCE.

In an action to recover for breach of a contract of employment, from which plaintiff alleged that he had been discharged, evidence that the president of the company had told plaintiff that "you have got the vice president down on you, and it is very disagreeable to have you here; and you are not fit for the grocery business, I can see that, and I think you had better go," which is corroborated by the vice president's testimony that the president, in conversation

with him, had said that he would let plaintiff down easy, but that he would get rid of him, is sufficient, although the testimony is conflicting, to uphold a verdict in plaintiff's favor.

*Appeal from Superior Court, King County.*

*Bausman, Kelleher & Emory*, for appellant.

*A. W. Hastie*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.— The first sixteen pages of appellant's brief are devoted to a discussion of matters that are not at issue in this case.    There is no question at issue as to the right of Hill, the president and manager of the company, to employ the respondent.    Hill himself testifies that he employed him, and that he had a right to employ him. This is also conceded by Haley, the vice president of the company, who answered to the question, "What do you know, if anything, about Hill's right or privilege to select a secretary and treasurer?" by saying, "That was one of the considerations when he went in." And to the question, "What did he say to you about that, if anything?" by answering, "Well, that is something I did not converse with him much about because he had that privilege; I didn't believe in interfering with his privileges." In the face of the testimony of the parties in interest, and the further fact that the president's right to employ the secretary was not questioned by the defendants at the trial or raised in the pleadings, it is scarcely worth while to notice this proposition further.

Neither is there any question at issue in regard to his actual employment, for Hill, the president of the company, testified that he did employ him; that he was to pay him the amount per month alleged by plaintiff in his complaint.

So also with the encumbering of the record with the by-laws of the company showing the duties of the secretary.

The president himself testifies that he employed Paine with the understanding that there was to be an additional secretary, and that it was the custom of the company to employ two secretaries, and that the company never had been two hours without this additional help, and that the business was so large that it would be impossible to transact it without the additional secretary. And there is no dispute anywhere in the record that Paine was employed with this special understanding.

Stripped of all verbiage and immaterial discussion, then, the sole question at issue was, did Paine, the respondent, quit the employment of the company of his own free will, or was he discharged by authority of the company? This was a question raised by the answer of the defendant company, together with the other affirmative defense, that the plaintiff had other employment, and was, therefore, not damaged. On this latter proposition, however, all the testimony on the subject was the testimony of the plaintiff himself, which no doubt the jury took into consideration in agreeing upon their verdict. So that the only question really at issue between the parties was the question of discharge, and on this question it seems to us that there is a plain conflict of testimony. It is claimed that the testimony of the plaintiff, taken as a whole, shows conclusively that he was not discharged and that he left of his own free will. But we think this claim is not borne out by the testimony. Some difficulty had arisen between Haley, the vice president of the company, and Paine, the respondent, in regard to an extra bookkeeper. Haley had insisted that the extra bookkeeper must be discharged. Following his discussion with Haley, Paine testifies as follows:

"Well, I didn't see Mr. Hill again until Saturday, that was on Friday, the last talk with Mr. Haley, and Saturday, at shortly after 1 o'clock, Mr. Hill came into the office, and he said, 'Well you have got Haley down on you. He

says you were talking to him about the other bookkeeper.' He says, 'You have got him down on you;' and he says, 'What you ought to have done—you ought to have discharged Ward and kept the books yourself for a week or two, and I would have straightened everything out for you; everything would have been all right.' And he says, 'You have got him down on you, and it is very disagreeable to have you here, and you are not fit for the grocery business, I can see that, and I think you had better go.' "

We hardly see what stronger words of discharge could have been uttered by Hill, the president and manager of the company, or how he could more plainly have announced to Paine that his services were no longer required. There need be no set expression to discharge an employé. If he is told, in substance, that his services are no further required, that it is disagreeable for him to be there, and in so many words that he is not fit for the business, and that he had better go, it seems to me that is sufficient, and the jury, if this testimony had not been disputed, would have been amply warranted in coming to a conclusion that Paine had been discharged. There is, however, some corroborative testimony sworn to by Haley, the vice president of the company, and who is naturally an unfriendly witness, swearing against his own interest.

In answer to the question "Did Hill discharge him?" witness Haley says—

"Well, Mr. Hill told me himself—now, of course, I know nothing about the discharging part—Mr. Hill told me himself that—well, now I can't get those words—he is pretty fly. He said something about letting him down easy, but just what it was I don't remember; but he didn't say he would discharge him. He says, 'You never mind, you leave that between Mr. Paine and I. I will get rid of him.' Those are the words he said."

Q. "Hill said that to you? A. "Yes."

Q. "He said, you leave that to me, and I will get rid of him?" A. "Yes, sir."

It seems to us that this testimony is very convincing, to the effect that these parties, the president and vice president of the company, were talking about discharging Paine; that they intended to discharge him, and that they there in that conversation determined upon the manner in which he should be discharged, namely, by Hill, who was to get rid of him, and coupled with a statement of Hill made to Paine, above mentioned, makes out a pretty clear case of discharge. It is true that Hill in his testimony denies positively that he ever discharged Paine, and there is testimony of other witnesses tending to corroborate him, but that simply creates, as we have said before, a conflict of testimony, and it is not important what this court may think of the plausibility or probability of Hill's statement, or of Paine's statement. Another tribunal is clothed by law with authority to pass upon the credibility of the witnesses, and to weigh the testimony, and having done so, this court is bound by their finding.

So far as the question of accord is concerned, if there is any question of accord in the case, the testimony on that propositon was equally conflicting, and was passed upon by the jury.

No errors are alleged as to the admissibility of testimony, or the instructions of the court, and this court does not feel justified in disturbing the verdict of the jury rendered upon proper instructions given by the court.

The judgment is, therefore, affirmed.

ANDERS, SCOTT and STILES, JJ., concur.

HOYT, J., dissents.