SPENCER MEDICINE COMPANY *v.* HALL.

Opinion delivered April 7, 1906.

1. CONTRACT—TERMINATION—RIGHT TO SUE.—Where a party to a contract has, either by words or conduct, distinctly and unequivocally manifested his intention not to perform the contract, the other party will be justified in treating the contract as at an end for the purpose of suing for a breach thereof. (Page 340.)

2. SAME—TERMINATION—DAMAGES.—One who, being employed under a contract whereby he was to receive a commission on sales to be made by him, held himself ready to perform the contract, and was prevented by the other party from performing it, is entitled to recover, not only the commissions earned by him under the contract up to the time the suit was brought, but also such commissions as he would have earned thereunder up to the time of the trial. (Page 341.)

3. SAME—DAMAGES—PROSPECTIVE PROFITS.—When there is a breach of a contract of employment in which the parties expressly contracted for the earning of profits by way of commission on sales of goods to be made by the agent, they must necessarily have had in contemplation the loss of such profits as an element of damages upon breach of the contract. (Page 343.)

Appeal from Pulaski Circuit Court; *Edward W. Winfield,* Judge; affirmed.

*Atkinson & Patterson,* for appellant.

1. The second instruction given at plaintiff's request was erroneous, in charging the jury that any manifestation by defend-

ant of an intention not to perform the contract authorized plaintiff to repudiate it. Nothing short of complete renunciation will suffice. 9 Cyc. 636, II, A. & B.

2. The court erred in giving plaintiff's third instruction and in refusing the second asked by defendant. Profits he would have earned, had he continued, were an element of damage too uncertain for recovery. 1 Suth. Dam. § 69; 2 *Ib.* § 694. "Where the agent is to be paid in part by a commission, he can in general recover no damages on account of possible future commissions." 2 Sedg. Dam. § 6871; 8 Am. & Eng. Enc. Law, 624*d*; 77 Ala. suffice. 9 Cyc. 636, II, A & B.

3. The fourth instruction given for plaintiff was erroneous. The law does not require a merchant to accept an order for goods. He may establish his own rules and methods. If defendant for business reasons rejected any orders, plaintiff was bound thereby. He contracted with reference to defendant's judgment.

4. Plaintiff can not recover for past services, and at the same time damages for breach of contract for future employment. 58 Ark. 621; Clark & Skyles on Agency, 826, c.

*Marshall & Coffman,* for appellee.

1. Manifestations by words or acts of an intention not to perform the contract will authorize the other party to treat it as repudiated and bring his action. 48 Minn. 119; 27 Ark. 61. Any act inconsistent with intention to be longer bound is enough. 19 Am. Rep. 288; 10 Ont. App. 677; 61 N. W. 876; 35 Pac. 136. It was a question peculiarly for the jury. 58 Ark. 504; 30 N. E. 986; 83 Hun, 610.

2. Plaintiff adopted the course laid down in 58 Ark. 504, cited by appellant, and sued for damages for the breach at once. The trial being had after the expiration of the period when the service would have ended, he was entitled to his entire damage on the contract. The agent may recover the unpaid compensation earned prior to the breach, and in addition the damages sustained by reason of the breach. 1 C. & S. on Ag. 826; 39 Ark. 840; 41 Am. Rep. 584; 19 *Id.* 285.

3. Where the agent presents a purchaser ready, willing and able to take the property at the price and on the terms named, his commissions are earned.

22

4. The profits plaintiff would have made, had the contract been carried out, were susceptible of proof. Such damages are not speculative or remote, and the difficulty in ascertaining them does not deter the courts from awarding such compensation for their breach as the evidence shows with reasonable certainty the wronged party is entitled to. 1 Suth. on Dam. § 69; 10 N. Y. 489; 99 Fed. 222; 101 N. Y. 205; 127 Fed. 403; 55 N. W. 391; 52 Pac. 522; 69 Ark. 219.

McCULLOCH, J. This is an action brought by appellee against appellant to recover commissions on sales of goods earned by him as traveling salesman of appellant, and for prospective commissions which he was prevented by wrongful discharge from earning under the following written contract:

"CONTRACT.

"Chattanooga, Tenn. December 29, 1902.

"We agree to pay Dan Hall fifty per cent. on sales amounting to $10,000, twenty per cent. of this sum to be spent by him in advertising and to pass through our office. Commissions due when orders are accepted. This contract terminates when the amount of $10,000 has been reached.

"Spencer Medicine Company.

"By C. C. Nottingham, Secretary."

The plaintiff sued for $65 commission on sales made, and $1,500 on prospective commissions as damages for breach of contract. He testified that defendant owed him a balance of $64.05 on earned commissions, including two orders which defendant declined to ship. He also testified that, judging from past experience, he could have made sales amounting to $2,000 in sixty days, and could have sold $10,000 in about one hundred days—that he made sales of $336 in the four days that he worked, and that he made more than his expenses in selling "side lines," which did not interfere with his sales for defendant.

The defendant denied that it had failed or refused to comply with the contract, or that it had refused to allow plaintiff to comply with the contract. It also denied that plaintiff had complied with the terms of the contract, or had earned the commissions claimed, or had paid the stipulated amount in advertising.

The court gave the following instructions at the request of plaintiff, to each of which the defendant objected:

"2. It is not only an absolute refusal in words to perform a contract, but also manifestations by words or acts of an intention not to perform it according to its terms, that will authorize the other party to treat it as a repudiation and bring his action; and if you find from the evidence that the Spencer Medicine Company manifested its intention by words or acts not to perform the contract in question according to its terms, then Hall had a right to treat it as at an end, and is entitled to damages, if any be shown by the evidence to have accrued to him thereby, providing he himself had performed his part of the contract.

"3. If you find for the plaintiff (Hall), you will allow him whatever sum, if any be shown by the evidence to be due him, for commissions earned and not paid, and you will also allow him whatever profits he would have made, if any be shown by the evidence, had the contract been carried out according to its terms.

"4. If you find from the evidence that orders were taken by Dan Hall from parties who were ready, willing and able to pay same, and that said Hall complied with the instructions of the Spencer Medicine Company in determining whether said parties were entitled to credit, then you will allow Hall his commissions on such orders, notwithstanding the fact that said orders were not accepted by Spencer Medicine Company, unless such non-acceptance was for good business reasons."

The court also gave the following instructions at the request of defendant:

"1. The plaintiff, in order to recover for the amount alleged to have been due him when he left defendant's employment, must show that he did spend 20 per cent. of the amount of his sales in advertising defendant's goods and report the same to its office and return all articles charged to him, if you find there was an agreement to that effect, and in his hands belonging to them, unless the performance of same has been waived by parties.

"3. If the jury find in this case that the defendant discharged the plaintiff from its service, but that the plaintiff habitually and regularly violated the terms of the contract, and could not be induced to comply with it, they will find for the defendant.

"4. If the jury find from the evidence that by a mutual

understanding between plaintiff and defendant the plaintiff retired from its services, they will find for the defendant.

"7. If the jury find for the plaintiff for damages because of his discharge, they will assess his damages at what he would have earned, judging by his past success, less what he did thereafter earn, during the term he would have been engaged in fulfilling his contract."

The following instructions asked by defendant were refused:

"2. The court instructs the jury that if it finds that the defendant without proper cause discharged the plaintiff from its employment, and that under his terms of contract he was selling goods upon a commission, he can not recover for the damages therefor because the damages are too uncertain.

"5. The court instructs the jury that the plaintiff in this case can not recover in this action for the amount of the wages for his services while in the employment of the defendant company, and at the same time for damages for a breach of the contract for future employment.

"6. The court instructs the jury that there is no evidence in this case that the defendant discharged the plaintiff, Dan Hall, from its employment, and he is therefore entitled to no damages for a breach of the contract."

The jury returned a verdict in favor of the plaintiff for $65 commissions on sales and $500 damages for breach of contract.

It is argued that the second instruction given at the instance of plaintiff was erroneous, but we do not think so, especially when this instruction is considered in connection with those given at the instance of defendant. It is sufficient, where a party to a contract has, either by words or conduct, distinctly and unequivocally manifested his intention not to perform the contract, to justify the other party in treating it as at an end for the purpose of suing for breach thereof.

It is insisted by appellant, in this connection, that the evidence was insufficient to support a finding that it had discharged the plaintiff, and thereby repudiated the contract, but we are unable to reach a conclusion in accord with either of the contentions that the instruction on the subject was erroneous or that the evidence was insufficient. The evidence on the point is far from satisfactory, but, considering the correspondence between the

parties which was put in evidence, the conversations between the plaintiff and the secretary of defendant company as detailed by the former in his testimony, and the transaction with reference to the refusal of defendant to fill certain orders sent in by plaintiff for goods, we can not say that the jury were not warranted in reaching the conclusion that the defendant plainly evinced an intention not to perform the contract. This was a question peculiarly for the jury upon all the proof.

"The true test, stated generally," says Judge Mitchell in *Armstrong* v. *St. P. & P. C. & I. Co.,* 48 Minn. 113, "is whether the acts and conduct of the party evinced an intention no longer to be bound by the contract; and the fair result of the authorities is that it is not only an absolute refusal in words to perform a contract, but also any clear manifestation by words or acts of an intention not to perform it according to its terms, that will authorize the other party to treat this as a repudiation and bring his action." See also *Paine* v. *Hill,* 7 Wash. 437; *Pinet* v. *Montague,* 103 Mich. 516; *Lake Shore & M. S. Ry. Co.* v. *Richards,* 152 Ill. 59; *Nicholls* v. *Scranton Steel Co.,* 137 N. Y. 471.

*Withers* v. *Reynolds,* 2 Barn. & Adol. 882, is a leading English case on the subject of damages for breach of contract. The contract was for sale of straw to be furnished at stated periods and paid for as delivered. After a portion of it had been delivered, the purchaser refused to pay for the last load until the next load should be delivered, thus holding the price of one load in hand so as to insure the delivery of another load. The court held that the refusal to pay for the straw upon delivery as agreed and the announcement not to pay for future delivery except by that method was an abandonment of the contract.

In *Franklin* v. *Miller,* 4 A. & E. 599, Coleridge, J., commenting on *Withers* v. *Reynolds,* said: " Each load of straw was to be paid for on delivery. When the plaintiff said that he would not pay for the loads on delivery, that was a total failure, and the plaintiff was no longer bound to deliver. In such a case it may be taken that the party refusing has abandoned the contract."

It is next contended that the court improperly gave instructions allowing a recovery for earned commissions on goods which defendant refused to ship, and also for damages for breach of the contract. It is said by learned counsel for appellant that there

can not be a recovery for both in the same action, and they cite *Van Winkle* v. *Satterfield,* 58 Ark. 621, in support of their contention. In that case the court said: "A servant who has been wrongfully discharged by his employer before the time for which he was hired has expired has these remedies: First, he may consider the contract as rescinded, and recover on a *quantum meruit* what his services were worth, deducting what he had received for the time during which he had worked. Second, he may wait until the end of the term, and then sue for the whole amount, less any sum which the defendant may have the right to recoup. Third, he may sue at once for a breach of the contract of employment. He, however, can adopt only one." But the court did not say that the recovery must be limited to the amount of compensation due up to the time of the commencement of the suit. On the contrary, it was held that wages up to the date of the trial might be recovered; citing *McDaniel* v. *Park.* 19 Ark. 671. The contract in that case was for employment of the servant for a stated period at a fixed salary, and the court held that there could be no recovery for wages to accrue after the date of the trial, for the obvious reason that they could not, in advance, be assessed as damages, as the plaintiff "might, after the recovery of the judgment, obtain employment from other persons and receive for the residue of the term for which he was hired in the first instance as much as or more than he would have been entitled to under the broken contract, had he served his time out; or he might die before his term expires."

In the case at bar the testimony tends to show that the plaintiff could have fulfilled the contract by sale of $10,000 worth of goods before the date of trial, if he had been permitted to continue in the service of the plaintiff.

In *Frost* v. *Knight,* L. R. 7 Exch. 111, Lord Cockburn, in discussing the rights of a party whose contract has been repudiated, said: "The promisee, if he pleases, may treat the notice of intention as inoperative, and await the time when the contract is to be executed, and then hold the other party reponsible for all the consequences of nonperformance; but in that case he keeps the contract alive for the benefit of the other party as well as his own; he remains subject to all his own obligations and liabilities under it, and enables the other party not only to complete the

contract, if so advised, notwithstanding his own previous repudiation of it, but also to take advantage of any supervening circumstance which would justify him in declining to complete it. On the other hand, the promisee may, if he thinks proper, treat the repudiation of the other party as a wrongful putting an end to the contract, and may at once bring his action as on a breach of it; and in such action he will be entitled to such damages as would have arisen from a non-performance of the contract at the appointed time, subject, however, to abatement of any circumstances which may have afforded him the means of mitigating his loss."

Some of this language of the learned judge has been criticised because it appears to involve a contradiction of terms, it being said in criticism that a contract could not be regarded as at an end, and at the same time be made the basis of a suit for damages; but, giving it the meaning that he doubtless intended, that the contract could be treated as at an end except for the purpose of being sued upon, a conclusion is stated that under those circumstances a recovery may be had upon the repudiated contract for all the damages sustained by the breach, that which have already accrued as well as that which is anticipatory. That view is sustained by the weight of authority. *Roper* v. *Johnson,* L. R. 8 C. P. 167; *Johnson* v. *Milling,* 16 Q. B. Div. 460; *Lake Shore & S. M. Ry. Co.* v. *Richards, supra; Wells* v. *National Life Assn.,* 99 Fed. 222; *United States* v. *Behan,* 110 U. S. 338; *Cutter* v. *Gillette,* 163 Mass. 95; 1 Clark & Skyles on Agency, pp. 828, 829.

The most difficult question presented in the case is whether the plaintiff should have been permitted to recover, at all, commissions on prospective sales under the contract. The defendant asked an instruction saying that such prospective commissions were too uncertain to become the basis of a recovery of damages. While the question is not free from doubt, we think that the doubt arises more in the application of the doctrine of required certainty of recoverable damages. As said by this court in *Border City Ice Co.* v. *Adams,* 69 Ark. 219: "The difficulty is not so much in determining whether or not the appellee has a cause of action for his damages by reason of loss of profits which he would have enjoyed, had appellant fulfilled his contract, but

rather in determining with any degree—that is, with the proper degree—of certainty the amount of such damages and how to measure them." In the anxiety of the courts to measure damages by the most certain estimate, profits on future transactions, are rejected as too remote to be the proximate result of the breach of contract, and a more definite and certain estimate adopted as the damages which the parties had in contemplation when they entered into the contract. The courts are therefore inclined to reject the more uncertain admeasurement of damages in a given case, and seize upon that which is most certain as the less remote damages; and for this reason the courts are led to refuse to allow prospective profits on sales of property and confine the recovery to the difference between the market value and the contract price. But when, as in this case, there is a breach of a contract in which the parties expressly contracted for the earning of profits by way of commission on sales of goods to be made by the agent, they must necessarily have had in contemplation the loss of such profits as an element of damages upon breach of the contract. They can not, therefore, be said to be either too uncertain of assessment or too remote to be considered as the proximate result of the breach of the contract. *Wells* v. *National Life Assn. supra; United States* v. *Behan, supra; Dennis* v. *Maxfield,* 10 Allen, 138; *Mueller* v. *Bethesda Mineral Spring Co.,* 88 Mich. 390; *Hitchcock* v. *Supreme Tent K. of M.,* 100 Mich. 40; *Wakeman* v. *Wheeler & Wilson Mfg. Co.,* 101 N. Y. 205; *Cranmer* v. *Kohn,* 7 S. D. 247, 76 N. W. 934; *Kenney* v. *Knight,* 127 Fed. 403; *Ramsey* v. *Holmes Elec. Pro. Co.* (Wis.), 55 N. W. 391; *Somers* v. *Wright,* 115 Mass. 292; *Fell* v. *Newberry,* 106 Mich. 542; *Schumaker* v. *Heinemann,* 99 Wis. 251; *Wolcottt* v. *Mount,* 38 N. J. L. 496.

In *Howard* v. *Stillwell & Bierce Mfg. Co.,* 139 U. S. 199, Mr. Justice Lamar, in delivering the opinion of the court, after stating the general rule that speculative profits are excluded from estimates of damages, said: "But it is equally well settled that profits which would have been realized had the contract been performed, and which have been prevented by its breach, are included in the damages to be recovered in every case where such profits are not open to the objection of that of uncertainty and remoteness, or where from the express or implied terms of the contract

itself, or of the special circumstances under which it is made, it may be reasonably presumed that they were within the intent and mutual. understanding of both parties at the time it was entered into."

In *Fell* v. *Newberry, supra,* the court said: "The general and simplest rule of damage is that the injured party is entitled to compensation for the loss sustained. In actions on contract this rule is so far qualified as to limit the recovery to such damages as can be said to have been in the contemplation of the parties. * * * It has been frequently held by this court that when the breach of contract results in the loss of profits to the plaintiff, and the contract is one in which a profit accruing to the plaintiff was contemplated, the amount of such profit is recoverable."

We are aware that some courts of great ability have held that prospective profits on sales of goods, under contract similar to one we have under consideration now, are not recoverable as damages upon breach of the contract; but we think that the other view is more consonant with reason, and is sustained by the weight of authority. It is also in harmony with the previous decisions of this court. *Border City Ice & Coal Co.* v. *Adams, supra; Railway Co.* v. *Beard,* 56 Ark. 309.

Instruction number seven given at the request of appellant was more favorable to it than the proof justified. It told the jury that they should determine the amount the plaintiff would have earned, "judging by his past success, etc." This was not necessarily the test, though it was one of the means of arriving at a correct estimate of his future earnings. Nor was the instruction correct in telling the jury that a deduction should be made of "what he did thereafter earn during the time he would have been engaged in fulfilling his contract." The evidence showed that he was selling goods for defendant in connection with other lines of goods not in competition with defendant's goods, and without any additional expense or time. As no additional time was consumed in selling defendant's goods, no deduction should have been made for value of his time saved, unless he procured a similar line of goods, instead of that of which defendant deprived him by the breach of contract. Appellant can not, however, complain at the instruction being too favorable.

Judgment affirmed.

HILL, C. J., not participating.