# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

### ENSIGN v. COFFELT.

### Opinion delivered May 24, 1915.

1. CONTRACTS—PAROL EVIDENCE TO VARY.—Where a contract to furnish and install a certain lighting plant is made in writing, parol evidence of a different agreement made by the seller's agent is inadmissible.

2. CONTRACTS—UNAMBIGUOUS WRITING—DUTY OF COURT.—Where a contract made in writing is unambiguous in its terms, it is error to submit the same to the jury for interpretation.

3. CONTRACTS—SALE OF LIGHTING PLANT—BREACH OF GUARANTY.—Where the contract for the sale of a lighting plant is in writing, if there is a breach of the terms of the written contract of guaranty, such a breach constitutes a failure of consideration and operates as a defense to an action for the purchase price.

4. CONTRACTS—SALE OF LIGHTING PLANT—MINOR DEFECT.—Where there is some defect in a lighting plant which was sold under a written contract of guaranty, which the buyer could have corrected by a trifling outlay, it is his duty to have it remedied, or give the seller an opportunity to do so, and the buyer may recoup the cost to himself of correcting the defect.

5. CONTRACTS—BREACH BY PLAINTIFF.—The one who is the first to break a contract, can not maintain an action to recover upon it.

Appeal from Benton Circuit Court; *J. S. Maples,* Judge; reversed.

*E. P. Watson,* for appellant.

1. This was an absolute contract of sale in writing; the title passed to defendant on delivery. Bish. on Cont.,

§ § 322, 329, 333; 7 A. & E. Enc. (2 ed.) 142; 30 *Id.* 168; 35 Cyc. 655. All the instructions of the court on the theory of a conditional sale on trial were erroneous. 6 A. & E. Enc. (2 ed.) 449.

2. The contract was in writing. Oral testimony was inadmissible to vary or contradict it. Where a contract limits the time of trial, or acceptance, the option to object, reject and return must be exercised promptly. 35 Cyc. 238-9, 243; 38 Ark. 351; 95 *Id.* 488; Bish. on Cont., § 322; 30 A. & E. Enc. (2 ed.) 168.

3. The contract was printed. Roberts, the agent, had no authority to add anything to it. 92 Ark. 319; 110 *Id.* 123; 101 *Id.* 68. No authority was shown.

4. The court tried the case on the wrong theory. It should have construed the contract, as written, as a question of law for the court to determine, and not for the jury. Cases *supra*.

*McGill & Lindsey* and *Rice & Dickson,* for appellee.

1. The facts were concluded by the finding and verdict of the jury and there is no error in the instructions.

2. An agent to make sales is authorized to agree upon terms of sale and sell conditionally or unconditionally where the vendee has no notice of any limitation upon his authority. 103 Ark. 79; 100 *Id.* 360.

3. A principal is not only bound by the acts of his general agent done under his express authority, but he is also bound by all acts of such agent which are within the apparent scope of his authority whether authorized or not. The burden is on the principal to show a limited agency. 103 Ark. 79; 112 *Id.* 63.

4. Phelps is estopped by silence and ratification. 96 Ark. 505; 111 Ark. 598.

McCULLOCH, C. J. This is an action instituted by appellant against appellee to recover the price of a lighting plant which was installed in appellee's country residence in Benton County, Arkansas. The transaction occurred in the year 1908. A. S. Phelps, Jr., doing busi-

ness at Elkhart, Indiana, under the name of New England Manufacturing Company, was engaged in manufacturing, selling and installing gas lighting plants for private use, called the "Phelps' Carbide Feed Gas Generator," and through his agent, one E. P. Roberts, sold an outfit to appellee and installed it in his residence. Appellee signed a written order to Phelps for the outfit, which order contained specifications and stipulated the price of $225.00 to be evidenced by two notes payable in eighteen months. Phelps installed the plant, and when the installation was complete Roberts executed to appellee, in the name of his principal, a written guaranty in the following form:

"We hereby guarantee for one year the Phelps Carbide Feed Acetylene Gas Generator as follows:

"Made in workmanlike manner and of substantial material in accordance with the National Board of Underwriters' requirements.

"Will diffuse light equal to sample exhibited.

"The laboratory test yield per pound of carbide is five cubic feet of gas.

"The lighting capacity depends upon the size and number of burners used.

"Cost of carbide is $3.75 per cwt. or $70.00 a ton, at the Union Carbide Co.'s warehouse in every state.

"If same don't do as this guarantee calls for, we agree to take out plant without cost to Mr. Coffelt.

"Chicago, Illinois,        "New England Mfg. Co.
"March 6, 1908.        "By E. P. Roberts."

The whole of the above writing was according to a printed form furnished to Roberts by his principal, except the last clause, which was inserted by Roberts in his own handwriting and, according to the evidence in the case, without any specific authority from his principal to do so. Negotiable promissory notes were executed by appellee to Phelps on the same date that the above guaranty in writing was given, and Phelps transferred the notes before maturity to appellant, and the

latter instituted suit thereon; but it was adjudged in that case that the article sold was "a patent machine, implement, substance or instrument," and that as appellee's notes were not executed upon a printed form showing the true consideration in accordance with the terms of the statute, the same were void. *Ensign* v. *Coffelt,* 102 Ark. 568. Phelps thereupon assigned to appellant the original cause of action, which constituted the consideration for the notes, and he instituted the present action thereon. Appellee alleged in his answer that Phelps' agent, in making the sale of the lighting plant to him, agreed that the same should be taken on trial by appellee for a period of eighteen months, and that if it did not diffuse light up to the standard of the sample which was exhibited, or should in any other way fail to give satisfaction, the seller would take out the plant and release appellee from all obligation to pay the price. The answer further alleges that the outfit failed to furnish light in accordance with the guaranty, and that appellee gave notice thereof to Phelps and tendered the plant back to him. The trial of the case before a jury resulted in a verdict in appellee's favor, from which an appeal has been prosecuted.

(1) The court admitted, over appellant's objection, proof of the alleged oral agreement of Roberts that the sale should not be an unconditional one, and that the plant would be put in for appellee to try it out, and that it would be removed if it did not give satisfaction for a period of eighteen months. The testimony was inadmissible for the reason that there was a written contract which could not be varied by oral testimony. The written order constituted an offer to Phelps, the seller, which was accepted by installation of the plant, and that writing, together with the written guaranty given to appellee by the seller, constituted a contract between the parties which must control their rights in this litigation. It is unnecessary to discuss the question of Roberts' authority to make the addition in his own handwriting to the

printed form of guaranty furnished him by his principal, as it adds nothing material to the force of the contract. The printed form as furnished by the seller constituted a guaranty, operative for one year, that the gas generator would diffuse light equal to the sample exhibited; and if there was a breach of that contract, it constituted a failure of consideration which absolved appellee from paying the price specified in the contract.

(2) There are also numerous assignments of error with respect to rulings of the court in giving and refusing instructions, and we are of the opinion that those assignments are well founded. The case was tried upon the wrong theory and in disregard of the fact that the rights of the parties are to be determined by the written contract. The written contract was unambiguous, and it was the duty of the court to construe it. *Mann* v. *Urquhart,* 89 Ark. 239. The contract was one for installation and unconditional sale of the lighting plant, and the court erred in giving the first and second instructions, of its own motion, submitting the question whether or not the contract was conditional. There was error in giving the first instruction requested by appellee on the subject of the implied warranty of suitableness of the article. Inasmuch as the contract itself contained an express warranty on that subject, it was exclusive and there was no question of implied warranty in the case. The second instruction given at appellee's request was also erroneous in submitting the question of a written guaranty covering a period of eighteen months for the reason that there is no evidence of any such writing, the sole evidence on that subject being in the form of oral testimony which was incompetent. The third instruction was erroneous in telling the jury that Phelps was bound by ''any terms, conditions, guaranties, or warranties that were made by such agent with the defendant that were reasonably necessary to effect the sale and were in good faith accepted and relied upon by the purchaser.'' The contract was in writing and it was uncontradicted that

its terms were accepted by both parties. Therefore the question of the authority of the agent to make any additional terms, conditions or warranties was not involved in this case.

(3-4-5) Appellant further insists that he was entitled to an instruction to the effect that, even though the article was not as represented by the seller, appellant was entitled to recover the price "less any actual damages the defendant may have sustained." The instruction was not correct in the form it was asked, for the reason that if there was a breach of the terms of the written contract of guaranty, it was a failure of consideration and there could be no recovery. On the other hand, if there was some defect which appellee could have corrected by a trifling outlay, it was his duty to have it remedied or give the seller an opportunity to do so, and in that case would only be entitled to recoup the cost of correcting such defect. If an instruction to that effect had been asked, it would have been the duty of the court to give it, but it was not correct to tell the jury broadly that if there was a breach of the warranty, appellant, as assignee of the seller, would be entitled to recover the stipulated price less any damages sustained by reason of defects. Appellant was not entitled to recover the price at all if the contract had been broken by his assignor, the seller, for the two features of the contract, namely the agreement for the sale and the guaranty, constituted one inseparable contract, and the rule is elemental that one who is the first to break a contract can not maintain an action to recover upon it.

For the errors indicated, the judgment is reversed and the cause remanded for a new trial.