ALLEN LUMBER & BOX COMPANY *v.* WILLIAMS.

Opinion delivered February 17, 1919.

1. SALES—BREACH OF CONTRACT.—Where a seller wrote to the buyer that he would not be able to furnish all of the crossties according to the contract, but would do the best he could, it cannot be said as matter of law that he broke the contract.

2. PRINCIPAL AND AGENT—AUTHORITY—IMPUTED KNOWLEDGE.—Where a superintendent, having general supervision of the principal's business and authority to inspect and accept goods purchased,

made a contract with the understanding that it was to supersede a previous contract, the principal is chargeable with knowledge of such substitution.

3. APPEAL AND ERROR—QUESTION NOT RAISED BELOW.—Where a buyer failed to object to an instruction on the measure of the seller's damage for failure to charge that the seller could have avoided a portion of the damage by sale of the goods to others, and introduced no evidence in the lower court that the seller could have avoided such damages by so doing, the objection cannot be raised for the first time on appeal.

Appeal from Howard Circuit Court; *J. S. Lake,* Judge; affirmed.

*D. B. Sain* and *T. D. Crawford,* for appellant.

The evidence does not sustain the verdict. The appellee broke the original contract himself and his own letters show it. The court erred in its instructions to the jury. 93 Ark. 472; 98 *Id.* 760. Purely speculative profits cannot be recovered. 134 Ark. 345; 203 S. W. 836.

*W. P. Feazell* and *J. S. Butt,* for appellee.

There is no error in the instructions. Appellee did first breach the contract. A principal is bound by the acts of his agent acting within the scope of his authority. 117 Ark. 173; 49 *Id.* 320; 93 *Id.* 521; 112 *Id.* 63. There is no error and the judgment should be affirmed.

McCULLOCH, C. J. Appellant instituted this action in the court below against appellee to recover damages resulting from an alleged breach of a contract between the parties whereby appellee agreed to sell and deliver a certain quantity of pine crossties at a stipulated price. The contract was in writing and provided that appellee should sell and deliver to appellant at least 50,000 yellow pine crossties of certain dimensions and at a stipulated price, and that payment was to be made upon monthly inspections by appellant's agent.

Appellee denied that he had broken the contract, but alleged, on the contrary, that the contract was broken by appellant in failing and refusing to inspect the ties and pay for them. It is also alleged in the answer that a new contract was entered into between the parties as a sub-

stitute for the old contract whereby pine bolts were to be delivered at a stipulated price instead of crossties. Appellee filed a counterclaim, setting up damages for breach of the last contract, and also asking for a recovery of the unpaid price of the bolts delivered under the contract. The trial before a jury resulted in a verdict in appellee's favor.

The first contention is that the evidence is not sufficient to support the verdict. It is claimed that the undisputed testimony establishes the fact that the original contract was first broken by appellee himself, but we are of the opinion, upon an examination of the testimony, that it was sufficient to warrant a submission of that issue to the jury.

Certain letters written by appellee were put in evidence, and they tend to show a disposition on the part of appellee to decline performance of the contract, but the letters do not show an unequivocal repudiation of the contract, or a refusal to perform it. In each of the letters appellee merely stated that he found himself in such a condition that he would not be able to furnish all of the ties according to the contract, but would do the best he could. Now, the jury might have drawn a legitimate inference from the statements in those letters, in connection with the other testimony in the case, that appellee meant to decline performance of the contract, but the state of the testimony was such that we do not think it ought to be said as a matter of law that the letters themselves constituted a breach of the contract. *Spencer Medicine Co.* v. *Hall,* 78 Ark. 336.

It is next said that the testimony is insufficient for the reason that the new contract for the sale of the bolts was not authorized by appellant. The new contract was, according to the testimony of appellee, entered into with Mr. Brown, who was superintendent of appellant's business, and who, according to his own testimony, had general supervision over the business. It is true there was testimony introduced to the effect that all contracts were to be made or approved by Mr. Allen, but the circum-

.stances were such that the jury had a right to infer that transactions of that sort performed by Brown were accepted by the company. It is conceded that Brown was authorized to inspect ties and bolts and accept them, and his knowledge with respect to those matters was the knowledge of the company. He made the contract with appellee for the sale of the bolts and received and accepted them, and his principal is chargeable with knowledge of the fact that the contract for the sale of the bolts was intended to be a substitute for the old contract if such was the fact as stated by appellee. We think the court was correct in submitting the issues to the jury instead of taking them away from the jury by a peremptory instruction.

Objections are urged against the instructions of the court, mainly on the ground that the testimony was insufficient to warrant a submission of the issues. The giving of instruction No. 4, at the request of appellee, is assigned as error. That instruction reads as follows:

"If you find for the defendant on his cross-complaint, you will assess his damages at whatever sum you may find due on bolts already delivered and not paid for at the contract price, also the value of the bolts already cut and ready, if any, which have been destroyed by the worms, and such further sums, if any, as you may find the defendant would have made on the contract if he had been permitted to fulfill it, provided you find that plaintiff prevented its fulfillment."

It is argued here that that part of the instruction is erroneous which permits the jury to assess damages for the price of the bolts which were not received by appellant and were allowed to become worm eaten. It is contended that the duty rested on appellee to minimize his damages by selling the bolts to some one else upon the refusal or failure of appellant to accept them, and that the instruction was erroneous in not submitting to the jury the issue concerning appellee's conduct in that respect.

The testimony is practically undisputed that appellant owed appellee a balance of $290.50 for bolts accepted. The total amount awarded by the verdict of the jury was $305, which could have included only the sum of $14.50 as damages on account of the failure to accept the bolts which became worm eaten. There was no attempt to show by testimony that appellee could have avoided any portion of the damages by selling the bolts to other persons after appellant refused to accept them. That question was not raised below and appears to be raised now for the first time. There should at least, have been a specific objection to this instruction on the ground that it failed to incorporate the idea of appellee's duty to minimize his damages. It is too late to raise that question now.

Another instruction given at the instance of aplee is objected to as erroneous on the ground that it told the jury in substance that if appellant accepted the shipment of bolts from appellee pursuant to the contract made with Brown that this would be a ratification of Brown's contract and appellant would be bound thereby, even though Brown had no authority to make the contract. It is argued now that the instruction was erroneous because it failed to embrace the proposition of knowledge on the part of the company's agent that the contract made by Brown was intended as a substitute for the original contract.

A sufficient answer to this is that the acceptance was made on inspections by Brown himself, which was within the scope of his authority, and his own knowledge of the terms of the contract which he had made was imputable to the company.

We think the case was correctly submitted to the jury, at least, that there was no prejudicial error in the instructions given, and, since the evidence was sufficient to sustain the verdict, the judgment must be affirmed, and it is so ordered.