Schumaker vs. Heinemann and others.

SCHUMAKER, Respondent, vs. HEINEMANN and others, Appellants.

*March 23 — April 12, 1898.*

*Special verdict: Submission of issues: Contract of employment: Grounds for terminating: Damages.*

1. Sec. 2858, R. S. 1878, entitles a party to an action to a special verdict on demand therefor at the proper time, but the duty of framing the questions covering the issues made by the pleadings is solely for the court.

2. If the questions submitted to .the jury cover all the issues, the refusal to submit questions covering the same issues, or any one of them, in a different form, or refusal to submit questions covering mere elements of such issues, is not error.

3. Where an employer, for breach of duty, terminates a contract of employment with his employee, especially if the employment be one requiring the exercise of judgment and discretion, unless such breach be such as to evince moral turpitude or manifest injury to the employer's interests, it does not *per se* constitute a legal justification for the employer's conduct, and the issuable fact, therefore, under such circumstances, is not whether there was a breach of duty, but whether there was a breach of duty constituting reasonable ground for terminating the contract of employment.

4. Where a contract of employment has been unjustly terminated, the employee is entitled to compensation for such damages as the employer might reasonably have anticipated would result to his employee by the discharge.  If such damages consist of profits lost, and the evidence furnishes reasonable data upon which to compute them, such lost profits are a proper measure of damages and are recoverable.

[Syllabus by MARSHALL, J.]

| 99 | 251 |
| 102 | 222 |
| 104 | 317 |

| 99 | 251 |
| 106 | 16 |
| f106 | 618 |

| 99 | 251 |
| d107 | 240 |

| 99 | 251 |
| 53 LRA | 42n |
| 53 LRA | 78n |

Schumaker vs. Heinemann and others.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

Action for damages for breach of contract. The complaint sets forth by appropriate allegations that plaintiff was employed by defendants as a traveling salesman for the year 1894, his compensation to be nine and one-half per cent. for all goods sold by him of certain classes, and five per cent. for other goods, he to pay his own expenses; that before the year expired, defendants discharged the plaintiff without any just cause therefor. The damage claimed was the amount plaintiff was prevented from earning under his contract by reason of the discharge.

Defendants answered admitting the contract of employment and the discharge, and pleaded in justification that plaintiff was guilty of having injured the business of the defendants by increasing orders given by customers, also by falsely representing to one customer that plaintiff had been ordered not to sell to such customer. The answer also set forth, as a counterclaim, damages for profits on goods that might have been sold to the customer, which were lost through the false representations of the plaintiff.

The evidence on the part of the plaintiff tended to show that he was damaged to the amount recovered, on the basis of the aggregate percentage on the goods he might have sold had he not been discharged. The evidence in justification of the discharge tended to show that the reason given therefor, at the time it occurred, was that plaintiff had collected two accounts and retained the same instead of remitting to the defendants. There was evidence on the subject of falsification of orders. The evidence to sustain the counterclaim was rejected by the court. There was evidence on the part of plaintiff in rebuttal of that in justification of the discharge.

The jury found specially on the controverted issues as follows:

"(1) Plaintiff was not guilty of such misconduct in respect

to collecting and retaining collections as to justify his dis-
charge.

"(2) Plaintiff was not guilty of such misconduct in dissuad-
ing and preventing persons from buying goods of defendants
as to justify his discharge.

"(3) Plaintiff was not guilty of such misconduct in falsify-
ing orders as to justify his discharge.

"(4) We assess plaintiff's damages by reason of his dis-
charge at $640."

Exceptions were taken to instructions given to the jury
and to refusals to instruct as requested by defendants' coun-
sel, also to refusals to submit questions requested by such
counsel, and such motions were made and exceptions taken
to rulings thereon as to preserve for review the subjects dis-
cussed in the opinion. Judgment was entered on the verdict
in favor of the plaintiff, and defendants appealed.

For the appellants there was a brief by *Nath. Pereles &
Sons*, and oral argument by *Guy D. Goff*.

For the respondent there was a brief by *Timlin & Glicks-
man*, and oral argument by *Nathan Glicksman*.

MARSHALL, J. Defendants' counsel demanded a special
verdict in a form suggested by them, and it is assigned as
error that the demand was not complied with. Sec. 2858,
R. S. 1878, secures to a party desiring a special verdict the
right thereto, but the duty of framing the questions is solely
for the court. The only legitimate purpose of suggestions
from counsel, as to what particular questions shall be sub-
mitted, is to direct the attention of the court to the issuable
facts upon which the controversy depends. If the verdict
does not cover all the issues essential to a determination of
the case, no judgment can properly be rendered upon it, but
if it does cover such issues, no error can be successfully as-
signed because the form for the questions, suggested by
counsel, was not adopted, or because further questions were
requested and refused.

Complaint is made of the form of the questions adopted by the court, covering the alleged breaches of duty on the part of plaintiff, relied upon to justify his discharge. It is said, in substance, that the form of each question did not call for a finding as to a particular controverted breach of duty, but as to whether it occurred under such circumstances as to furnish reasonable ground for terminating the contract of employment, as, for instance, appellants urge that the court should have required the jury to find whether plaintiff retained collections when it was his duty to return the same; that such was the issuable fact; that the element added by the court, of whether collections were improperly retained so as to justify the discharge, was improper, the theory of counsel being that the added element made the jury pass on a question of law instead of one of fact. In that, counsel is in error. If the evidence had been to the effect that the plaintiff embezzled money belonging to his employers, or retained money of theirs under circumstances evidencing moral or legal wrong, or showing conduct manifestly injurious to their business, that would have constituted legal justification for the discharge, and there would have been no question for the jury in regard to it. But the fact of the retention of the money was admitted, coupled, however, with a claim, and evidence tending to support it, that no wrong was intended, or any embarrassment occurred thereby to defendants' business; that it was done in accordance with the previous course of dealing between the parties, from which plaintiff honestly supposed, and had reason to suppose, that defendants would permit such conduct. On that state of the case, the real issuable fact was, not whether there was a breach of duty under the circumstances, but whether such breach constituted justifiable ground for the discharge. It might have been better to have divided the question into the elements of whether there was a breach of duty, and whether, under the circumstances, it constituted justifiable ground for terminating the contract of

employment, but the two elements are so essentially tied together as to really make but one issuable fact; so the court was justified in framing the question as was done.

It is not for every breach of duty that an employer is warranted in putting an end to a contract of employment before the appointed time. In a controversy over such a matter, especially where the employment is of a business nature, requiring the exercise of judgment and discretion, the breach of duty is not *per se* a legal justification for a discharge of the employee, unless such breach evidences moral turpitude, or the conduct is manifestly injurious to the employer's business. So, where the question of the breach itself is undisputed, but the evidence leaves it in doubt as to whether there was any wrong intended, or any real injury inflicted, upon the employer's business, whether it constituted reasonable ground to discharge the employee is always a fact to be found by the jury. Wood, Master & S. § 110; *Shaver v. Ingham*, 58 Mich. 649.

What has preceded applies to all of the questions covering the alleged breaches of duty upon which appellants relied. The questions were framed substantially alike and fully covered the whole subject of controversy.

It is further contended that the verdict is contrary to the evidence. No reason is perceived for disturbing the ruling of the trial court on that ground, under the rules governing the subject.

A further claim is made on exceptions to the judge's charge and to refusals to instruct the jury as requested, that the court adopted a wrong rule of damages, which was the contract percentage on what goods plaintiff might have sold had he continued in defendants' employ. The theory of defendants' counsel is that such rule looks to the loss of profits, which were too conjectural to be ascertained with reasonable certainty. True, the determination of what sum of money will cover damages of that nature is always at-

tended with considerable uncertainty, and, as this court has frequently observed, the adoption of that as the measure of recovery in any case is liable to operate injuriously and unjustly. At the same time it may be said that to refuse to apply the rule in every case would lead to frequent violations of that natural justice upon which the recovery of damages for wrongs is supposed to be grounded. So it is well established that loss of profits, where there are some substantial data to determine them from, is a proper measure of damages. If it were not so, manifestly, many cases would arise where breaches of contract obligations would be without any remedy at all, by compensation in damages.

Few better illustrations of that can be found than *Treat v. Hiles*, 81 Wis. 280, where plaintiffs were entitled, under their contract, to one half the profits of operating a stone quarry, so long as it could be profitably worked. After the making of the contract and before any profits were earned, defendant terminated the contract and sold the quarry without the consent of the plaintiffs. Several years afterwards plaintiffs prosecuted an action to recover their damages. There was evidence tending to show the amount of profits earned in working the quarry by the purchaser for three years prior to the trial, and on that evidence, under the instructions of the court, the jury determined that the profits covering the time prior to the trial, and for four years thereafter, could be determined with reasonable certainty, and assessed the same accordingly. The judgment rendered on the verdict was affirmed on appeal, this court observing, in substance, that, manifestly, the case was a proper one according to all the authorities, or at least the great majority of them, for assessing damages on the basis of lost profits; that of course the amount could not be determined with certainty, but that the same elements of uncertainty inhere in the assessment of damages in other classes of actions; that all the jury could do was to assess damages according

to their best judgment, based on the testimony and the evidence of what the quarry made for the owner for several years; that such evidence furnished data sufficient to enable the jury to apply the rule adopted by the trial court.

There are many other cases in this court that might be cited to the same effect, establishing the rule here in accordance with the law generally, that where the profits lost are such as the parties, at the inception of the contract, had in contemplation, and the person guilty of the breach of it must reasonably have anticipated would result therefrom to the other party, and there is evidence sufficient to furnish a legitimate basis for their determination, by the exercise of sound judgment on the part of the jury, they constitute a proper measure of damages and are recoverable.

The evidence in this case shows that plaintiff worked for defendants in the same business, over a large part of the territory covered by his contract, for three years before the year in question. It shows the general course of trade from month to month through the year, the total sales for 1893 month by month, and the total sales during the year 1894 up to the time of the discharge. All of such evidence was competent to go to the jury on the question at issue, and made a case warranting the application of the rule under discussion.

Some other questions are discussed in the briefs of counsel, all of which have been examined, but none of them appear to be of sufficient significance to call for special treatment in this opinion. The record does not disclose any reversible error. It follows that the judgment must be affirmed.

*By the Court.*— So ordered.