RICHEY, Respondent, vs. UNION CENTRAL LIFE INSURANCE COMPANY, Appellant.

*October 7—October 26, 1909.*

(1) *Pleading: Election between causes of action.* (2–6) *Contract of employment: Wrongful discharge: Insurance agency: Damages: Loss of future profits: Reduction by other earnings.*

1. It was not prejudicial error to refuse to compel plaintiff to elect on which of two causes of action he would proceed, where the second was pleaded for the sole purpose of claiming a recovery for labor and services in case the contract of employment alleged in the first was found not to have been made, and plaintiff at the close of his affirmative case discontinued as to the second cause of action and apprised defendant that he stood on the contract and its alleged breach.

2. Under proof that a contract of employment was not terminated because plaintiff failed to comply with any of its conditions or

obligations, nor because he failed to conduct the business in a satisfactory manner, it is no defense to an action for its breach by the employer that the contract authorized discharge for such failures.

3. Damages recoverable for breach of contract must be reasonably certain and the proximate result of the breach, excluding all merely speculative or imaginary damages.

4. Although the elements of future damages for breach of contract may be involved in some uncertainty and contingency, yet if, from the facts shown, it can be inferred with reasonable certainty that the breach caused the other party pecuniary loss, compensation therefor should be recovered even though future profits may be involved in its ascertainment.

5. Proof of the amount of business done by plaintiff up to the time of his discharge, during two years of an agreed ten-year period of employment as district agent of a life insurance company; of his organization of his territory and investment of money with a view to enlarging his business for the remaining eight years; of the reasonable probability that he would do an increasing business; and that he was prevented from reaping the profits thereof only by the company's wrongful termination of his agency,—shows resulting damages with reasonable certainty and justifies recovery thereof.

6. In an action for the breach of the contract by the insurance company, whereby the agency business which plaintiff had built up was destroyed, the damages recoverable are not subject to be reduced by the amount which he earned in other employment after the breach and before trial.

APPEAL from a judgment of the circuit court for Chippewa county: A. J. VINJE, Circuit Judge. *Affirmed.*

About December 1, 1905, the defendant contracted to employ the plaintiff for ten years as a district agent in several of the counties in the northern part of the state for the sale of life insurance on commission. Plaintiff entered upon the performance of the contract, devoted himself to the work of building up a business, and expended his earnings in furtherance thereof. About January 1, 1908, the defendant, claiming that it was compelled, in the interest of its policy-holders, because of the oppressive laws of Wisconsin, to withdraw from the state and cease to do business here, canceled its contract with the plaintiff and discharged him from its employ.

Plaintiff brought action against the defendant, setting up two causes of action: (1) For the breach of the contract; and (2) for the labor performed and for the money expended by him for the defendant. The plaintiff introduced evidence before the referee to whom the action had been referred tending to show that he had written insurance during the first year of his employment by the defendant from which he derived $868 in premiums, and over $1,300 during the second year; that his commissions on the business so written would, if renewed annually, amount to over $200 per year for the unexpired term of his contract; that he had expended money in traveling about his district, in advertising the company, and in developing the territory with a view to future profits; that the greater part of the work incurred in establishing such a business was during the first two years; and that he had expended time and effort in selecting and appointing subagents who would be efficient in the prosecution of the business.

Plaintiff, at the conclusion of the testimony, elected to stand on the first cause of action, and the referee reported in favor of allowing plaintiff $2,750 as the damages caused by the breach of the contract. The circuit court approved the report of the referee and awarded plaintiff judgment upon the report. This is an appeal from the judgment.

*W. H. Stafford,* for the appellant.

*W. M. Bowe,* for the respondent.

SIEBECKER, J. The point made that the appellant was prejudiced by the refusal of the trial court to compel respondent to elect which of the two causes of action alleged in the complaint he would proceed on has no merit. The facts of the so-called second cause of action were inserted for the sole purpose of claiming damages for labor and services in the event that no binding contract should be found to have been made by the parties as alleged. The respondent, at the con-

clusion of his affirmative case, discontinued as to these allega-tions and apprised appellant that he stood on the contract and its alleged breach by the appellant. There was nothing to mislead appellant or to interfere with its defense to respond-ent's demands.

It is insisted that no breach of the alleged contract is shown. The argument is that the appellant had the right to terminate its agreement with respondent under the stipula-tion that, if respondent failed "to comply with any of the conditions, duties, and obligations . . . or to conduct his business in a satisfactory manner, then" appellant might at its option terminate the contract. Under the allegations and proof on this subject it is not claimed or shown that the agreement was terminated because respondent failed to com-ply with the imposed conditions, duties, and obligations, or because he failed to conduct his business in a satisfactory manner. Under these circumstances appellant cannot assert that the agreement was terminated under the foregoing stipu-lation and this claim need not be further considered.

The main contention is that the evidence does not justify the damages awarded by the court for the breach of this con-tract. The record presents a case of facts showing that the appellant made an agreement with the respondent whereby he was appointed appellant's agent for a portion of this state to solicit persons to take insurance with the appellant and to collect and pay over the premiums on all the insurance effected by him, requiring him to devote all of his time and efforts to such business for the period of ten years. Respondent entered upon the performance of his duties and obligations and effected insurance and collected premiums for the period of two years. He organized the territory allotted to him, secured persons to work under his direction, and expended money in establishing an insurance business to be carried on under the appointment so made. At the expiration of two years appellant breached the agreement by an unjusti-

fiable termination thereof, and thereby prevented respondent from continuing as its insurance agent in the business so organized. The claim is that the respondent has been compensated for the insurance he had effected and the premiums collected by him to the time of the alleged breach, and that no damages could be awarded for prospective losses, because they were speculative, imaginary, and uncertain, and therefore too remote to be recoverable in the law. The damages recoverable for a breach of contract must be reasonably certain and the proximate result of the breach. This excludes recovery of all merely speculative, possible, or imaginary damages. The inquiry in each claim for future damages for breach of contract is whether or not they are traceable as the result of the breach. In all such cases the elements of the damages are involved in some uncertainty and contingency; yet if under the facts shown it can be inferred with reasonable certainty that the breach caused the other party to the agreement pecuniary loss, then he should be allowed to recover compensation to make good the loss, and this though consideration of future profits may be involved in its ascertainment.

The adjudications on this subject are not harmonious in their conclusions, nor is there any uniformity as to what are held to be remote and what proximate damages. Under the decisions of this court it is established that:

"Where the profits lost are such as the parties, at the inception of the contract, had in contemplation, and the person guilty of the breach of it must reasonably have anticipated would result therefrom to the other party, and there is evidence sufficient to furnish a legitimate basis for their determination, by the exercise of sound judgment on the part of the jury, they constitute a proper measure of damages, and are recoverable." *Schumaker v. Heinemann,* 99 Wis. 251, 257, 74 N. W. 785.

This rule was there applied and held to allow recovery for breach of contract of a traveling salesman who was to be compensated by commissions on the sales made, and was allowed

to recover damages for the prospective sales for the unexpired period of the contract, when it was terminated. Other cases in this court to the same effect are *Treat v. Hiles,* 81 Wis. 280, 50 N. W. 896; *Cameron v. While,* 74 Wis. 425, 43 N. W. 155.

There is evidence in the case showing the amount of business respondent did during the first two years of the contract period; that he had organized it with a view to enlarging and increasing it for the eight remaining years, and to this end he invested his money in the business; that he was very successful as an insurance solicitor and business promoter; that the prospects for doing a future business, with the enterprise so established, were favorable; that in all reasonable probability he would do an increased business; and that he was prevented from reaping the benefits therefrom only by appellant's termination of his agency. This is ample proof to show with reasonable certainty that damages resulted to respondent, and justified the trial court in its conclusion to allow the amount of damages awarded for the breach of the contract.

The point is made that the amount of damages so found should have been reduced by what the respondent earned outside of the contract employment after breach and before trial. The court properly refused this deduction. This is an action to recover the damages caused by the breach of the contract to respondent's agency business, built up under this agreement. When appellant terminated the agreement and destroyed the business its liability became fixed. It was responsible for the value of the agency business as it then existed and which went out of existence by its illegal act.

There is no error in the record.

*By the Court.*—Judgment affirmed.