BUXBAUM and another, Respondents, vs. G. H. P. CIGAR
COMPANY, Appellant.

*November 19—December 8, 1925.*

*Damages: Breach of exclusive sales agreement: Prospective prof-
its: How determined: Evidence: Sufficiency.*

1. Prospective profits are a legitimate item of damages resulting
   from the breach of a contract when the circumstances are
   such that the future profits may be computed with some rea-
   sonable certainty. p. 392.
2. The rule which permits a jury to determine future profits does
   not require them to arrive at a determination which may be
   mathematically sustained. p. 393.
3. Evidence as to the sales of the plaintiffs, who had an agree-
   ment with defendant giving them exclusive rights to sell a
   certain cigar in designated territory, together with evidence
   as to the sales of the defendant after it wrongfully breached
   the agreement, is *held* sufficient to enable the jury to deter-
   mine the amount of plaintiffs' damages. p. 394.

APPEAL from a judgment of the circuit court for Mil-
waukee county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Bloodgood, Kem-
per & Bloodgood,* attorneys, and *Jackson B. Kemper* and
*Eric Wm. Passmore,* of counsel, all of Milwaukee, and oral
argument by *Mr. Kemper* and *Mr. Passmore.*

For the respondents there was a brief by *Benjamin Poss,*
attorney, and *H. W. Schuler,* of counsel, both of Milwau-
kee, and oral argument by *Mr. Poss.*

OWEN, J. This action was brought by the plaintiffs,
who are cigar dealers in the city of Milwaukee, against the
defendant, which manufactures the El Producto cigar. The
plaintiffs started business in the city of Milwaukee in 1920,
during which year they made a profit of five or six thou-
sand dollars. In 1921 they were induced by the defendant
to take on the distribution of the El Producto cigar and
were given the exclusive right to sell said cigar to the
trade in all except a few counties in Wisconsin and in

some territory of northern Illinois and the southeastern part of Minnesota. They pushed the sale of said cigar in 1921, 1922, and 1923. In all of these years, however, they lost money not only on the El Producto cigar but on their entire business. The losses sustained by them upon their entire business during these years were attributable to a decrease in the cigar business generally. They were hard years in the cigar business throughout the country, and the census indicated that a decreasing number of cigars were manufactured and consumed during those years as compared with the year 1920. However, plaintiffs were not satisfied with the showing made by the El Producto cigar, and frankly indicated their feelings in this respect to the defendant. The defendant had assured them no only at the time of the original arrangement but from time to time thereafter, that in all probability the first two or three years would not show a profit on the El Producto cigar, but during the fourth year the business on that cigar should commence to show a profit.

As a result of the dissatisfaction on the part of the plaintiffs in the spring of 1923 with the showing made from the handling of the El Producto cigar, the defendant offered to send a sales manager to Milwaukee to put into effect certain salesmanship methods adopted by the defendant in other parts of the country, and which, it was represented, would materially increase the sale of that cigar. Accordingly, a representative of the defendant came to Milwaukee, took charge of the sales force of the plaintiffs, and put into effect the salesmanship methods of the defendant. This ran along until September without any improvement in the sales of this cigar, and the methods employed showed an increase in the expense of doing business. The plaintiffs complained to the representative of the defendant and said that they could not continue to take the losses incident to his salesmanship methods. He urged them to follow his methods until the 1st day of January,

at which time the plaintiffs might feel free to either follow such salesmanship methods or their own. Plaintiffs agreed to this, and it was also agreed between the parties that the plaintiffs should have the sale of the cigar in the territory hereinbefore mentioned during the year 1924. Plaintiffs continued to follow the salesmanship methods introduced by the representative of the defendant until the 1st day of January, when such representative retired from the salesmanship management of the plaintiffs. Suddenly, and without warning, about the middle of January two executive officers of the defendant corporation came to Milwaukee and peremptorily informed the plaintiffs that they had decided to establish an independent branch of their business in Milwaukee, and that the sale of their cigar would be withdrawn from the plaintiffs.

This action was brought by the plaintiffs to recover the damages sustained by them by reason of the breach of the contract by which they were given the exclusive right to sell the cigar in the territory above named. The jury rendered a verdict in favor of the plaintiffs in the sum of $8,900, upon which verdict judgment was entered in favor of the plaintiffs.

Appellant contends that this verdict finds no support in the evidence; that it is based upon future profits; and that the evidence furnishes no basis for the verdict. It is claimed, in the first place, that the plaintiffs never made any profits from the sale of this cigar; not only that, but they made no profits in their entire business during the time that they were handling the El Producto cigar, consequently there could be no loss of profits resulting from the breach of the contract. The evidence in the case shows that in the year 1921 the sales of the El Producto cigar made by the plaintiffs amounted to $83,386; in 1922, $97,478; and in 1923, $91,306; and that in 1924 the sales made by the defendant of this cigar amounted to $109,363. These annual sales form a reasonable basis for a determination by the jury of

the amount of the sales which the plaintiffs would have made in this cigar had the right to make such sales not been withdrawn from them.    Plaintiffs testified that without a dollar's additional expense they could easily have done a volume of business ranging from $100,000 to $150,000 more in 1924 than they did.    It appears that their traveling men were paid fixed salaries and that their charges for rent and office force were exactly the same in 1924 as they would have been had they handled the El Producto cigar. Their contention is that they could have sold the same cigars which the defendant did sell in 1924 without any additional expense, and that, consequently, the defendant's withdrawal from them of the right to sell the cigar resulted in a loss to them measured by the profits which they would have made on the El Producto.

It is well established that prospective profits are a legitimate item of damages resulting from a breach of contract when the circumstances are such that the future profits may be computed with some reasonable certainty, and it is held that evidence of prior profits in the same business furnishes a basis for such computation.    *Shepard v. Milwaukee G. L. Co.* 15 Wis. 318; *Treat v. Hiles,* 81 Wis. 280, 50 N. W. 896; *Schumaker v. Heinemann,* 99 Wis. 251, 74 N. W. 785; *Richey v. Union Cent. L. Ins. Co.* 140 Wis. 486, 122 N. W. 1030; *Poposkey v. Munkwitz,* 68 Wis. 322, 32 N. W. 35; *Huebner v. Huebner,* 163 Wis. 166, 157 N. W. 765; *Forster, Waterbury Co. v. F. MacKinnon Mfg. Co.* 130 Wis. 281, 110 N. W. 226.    It is true that in this case there were no prior profits, but there were prior sales.    Not only that, but we have the evidence of the amount of defendant's sales of the same cigar in the same territory during the year 1924.    These sales were somewhat in excess of the sales made during any preceding year by the plaintiffs, but it must be remembered that the defendant had the benefit of the plaintiffs' prior labor in developing the territory and in introducing the cigar.    According to its own

representation made to the plaintiffs, this work should begin to bear fruit during the fourth year, consequently the jury were justified in arriving at the conclusion that the plaintiffs would have sold about the same number of cigars that the defendant actually did sell during the year 1924, and that if they did, the income of the plaintiffs would have been greater to the extent of the profit which they would have made on the sale of these cigars, as they were fully justified in concluding that the plaintiffs would have incurred no additional expense in making such sales.

It is contended, however, on the part of the appellant that there is no way of figuring out how the jury arrived at its verdict, and that the evidence furnishes no basis for the conclusion arrived at. In this connection it should be remarked, however, that it is not necessary that the jury should arrive at a conclusion with mathematical certainty. The rule which permits a jury to determine future profits does not require them to arrive at a determination which may be mathematically sustained. In the very nature of things such profits cannot be definitely ascertained or determined. However, it is considered that the past experience of a given business furnishes a reasonably fair, safe, and just basis for such a determination, and the jury in this case might well have concluded that the plaintiffs would have enjoyed about the same patronage and done the same amount of business with the El Producto cigar that was realized by the defendant. It was not necessary for the jury to determine that the plaintiffs would have done exactly the same amount of business. They might have concluded that the plaintiffs would have done a little more or a little less, and it could not be said that the verdict was not without a basis upon which to rest. However, we think the verdict is justified by the following considerations: As already stated, the sales made by the defendant in the territory which belonged to the plaintiffs under the contract amounted to $109,363. The jury were entitled to conclude

from the evidence in this case that the plaintiffs would have made a profit of twelve per cent. on these sales, amounting to $13,123. It appears, however, that after the breach of the contract the plaintiffs took on the sale of a cigar called Henry IV, which they could not handle under their contract with the defendant, from the sale of which they derived net profits of $4,200. If the jury concluded that this amount should be deducted from the profits which the plaintiffs would have made from the sale of the El Producto cigar, the result would be $8,923, only $23 more than the verdict returned. In our opinion the verdict finds ample support in the evidence, and the judgment should be affirmed.

*By the Court.*—Judgment affirmed.