PARAMOUNT FUEL COMPANY, Appellant, vs. FUERST, Respondent.

*May 2—June 4, 1929.*

For the appellant there was a brief by *Morgan & Johns* of Appleton, and oral argument by *John Morgan*.

For the respondent there was a brief by *Sigman & Sigman* of Appleton, and oral argument by *Abraham Sigman*.

OWEN, J. Plaintiff brings this action to recover the value of four carloads of coal furnished by plaintiff to the defendant. By his answer the defendant admitted his liability for three carloads of coal, but as to the fourth carload he alleged that the coal was of a grade inferior to that ordered; that he ordered Pocahontas egg coal and that the coal contained in that car was a poor quality of soft coal; "that before said defendant could with due diligence ascertain the nature of the coal received, large quantities of said coal were sold and distributed to the defendant's customers as Pocahontas egg coal, thereby injuring the defendant's reputation and business, all of which was due solely because of the fraud practiced by the plaintiff upon the defendant," for which he demanded judgment in the sum of $1,000 by way of counterclaim.

There was much delay in bringing this case to trial, but when it finally was brought to trial the plaintiff made no appearance. A jury was impaneled and the defendant of-

fered evidence to sustain the allegations of his counterclaim. From this evidence it appeared that the disputed car contained twenty-seven tons of soft coal worth $2.50 per ton and twenty-two tons of worthless coal. The court instructed the jury that the plaintiff was entitled to recover the purchase price of $348.82, which included the purchase price of the three carloads of coal and $2.50 per ton for twenty-seven tons of good coal in the disputed car. This appears to have been correct. The court, however, instructed the jury that the defendant had suffered damage other than his damage for loss of business in the sum of $265.58. This appears to have been made up of an item of $48 which it cost the defendant to remove the worthless coal from the bins of his customers, $96.58 freight on the worthless coal, and $121 the price of the worthless coal computed at $5.50 per ton, the same being the regular price for Pocahontas coal. It is apparent that this item of $121 was no element of damage to the defendant. It would have been if he had paid for the coal, but he paid nothing for the coal, nor was anything allowed to the plaintiff for the twenty-two tons of worthless coal in the verdict. The allowance of this sum as damages was plainly error.

The only fraud alleged in the counterclaim was the furnishing of a quality of coal inferior to that ordered. This in and of itself cannot be said to constitute fraud. However, the evidence showed that when the defendant commenced to unload this carload of coal he became suspicious that it was not Pocahontas coal and summoned the plaintiff's agent from Appleton to inspect the car. The agent inspected the car and assured the defendant that it was Pocahontas coal. Upon this assurance the defendant unloaded the car and furnished the contents or a portion thereof to four customers, but he had to remove the coal upon the customers' complaint as to its quality. The assurance of the defendant's agent that the car contained the quality of coal ordered probably constituted a fraudulent representation and the

counterclaim may be deemed amended to correspond with the evidence. However, whether the case proved gives rise to an action for fraud or breach of warranty is not very material, as the measure of damages is identical. The only damage alleged in the counterclaim is the loss of business, which is fixed at $1,000. However, the court directed the jury to allow as damages specific items of actual damages proved as above indicated and then told the jury that they might allow as damages to defendant's business an additional amount which should not exceed for total damages the sum of $1,000, for which amount the jury returned its verdict in favor of the defendant. The evidence to support this verdict, so far as it includes damages to defendant's business, consists of the evidence of the defendant that he lost twelve customers by reason of the bad coal, resulting in damage to his business in the sum of $1,000. Three customers who bought this coal testified that they ceased to do business with the defendant because of this poor coal. There is no evidence of the amount of business which any of the customers transacted with the defendant nor the amount of the profit accruing to the defendant from their business. While it is established that in certain cases the loss of profits is a proper measure of damages, the evidence must furnish some basis upon which the profits may be computed with reasonable certainty. Prior profits are held to constitute a basis for such computation. *Buxbaum v. G. H. P. Cigar Co.* 188 Wis. 389 (206 N. W. 59), and cases there cited on p. 392. Loss of profits or injury to business cannot be proved in the casual manner here pursued. The evidence supplies no basis for the allowance of any damages for injury to the defendant's business.

Because of these errors the judgment must be reversed, and it becomes unnecessary for us to consider the appeal from the order refusing to grant a new trial.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.