PHILLIPS, Appellant, vs. SAECKER, Respondent.

*January 12—April 7, 1931.*

For the appellant there was a brief by *Benton, Bosser & Tuttrup* of Appleton, attorneys, and *Harold M. Wilkie* of Madison of counsel, and oral argument by *Mr. Roger R. Tuttrup* and *Mr. Wilkie.*

For the respondent there was a brief by *Bradford & Bradford* of Appleton and *Fisher, Cashin & Reinholdt* of Stevens Point, and oral argument by *W. E. Fisher.*

The following opinion was filed February 10, 1931:

OWEN, J. This action is brought by Louis C. Phillips to recover damages which he sustained as the result of the automobile collision considered in the case of *Royer v. Saecker,* decided herewith (*ante,* p. 265, 234 N. W. 742). This case was combined with that for the purposes of trial. The facts relating to this accident and the verdict rendered by the jury are fully discussed in the opinion in that case, in which it is concluded that the verdict is not sustained by the evidence in so far as it finds Phillips guilty of negligence constituting a proximate cause of the accident. Just as the judgment rendered against Phillips in that case must be reversed because of no negligent conduct on the part of Phillips constituting a proximate cause of the accident, so must the judgment in this case be reversed for the same reason. The verdict of the jury establishing Saecker's negli-

gence is not challenged, and it results that Phillips is entitled to recover against Saecker the amount of the damages which he sustained by reason of the collision.

The only question we are called upon to consider is whether judgment should be ordered for the amount of the damages found by the jury, or whether the judgment should be reversed and the cause remanded for a new trial upon the question of damages only. It is claimed by the appellant that the damages are inadequate and the result of perverseness on the part of the jury. This matter has received our earnest consideration, and while it cannot be said that the jury dealt generously in the matter of awarding damages, we cannot say that the verdict in this respect indicates perverseness. The appellant complains because the jury awarded only $300 for pain and suffering, physical defects, impairment of health and bodily functions. The plaintiff sustained no permanent injury. He sustained cuts and bruises which confined him to his bed for a period of ten days and to his house for another like period. It was five or six weeks before he was able to carry on his business in his normal manner. The amount which he should be awarded for his pain and suffering is a matter which rests very largely in the discretion of the jury, and while we have disturbed verdicts because excessive in this respect, and while verdicts could be unreasonably low, we do not think the jury's assessment of this element of plaintiff's damages can be disturbed.

The jury allowed nothing for plaintiff's loss of profits in his business. This cannot be disturbed for the reason that the evidence fails to prove loss of profits. Plaintiff was an automatic sprinkler engineer whose business consisted in installing automatic sprinkling equipment under contracts which were generally let to the lowest bidder. The evidence does not show that he lost any opportunities for bidding on contracts, or that he would have secured any contracts if he

had bid, or what his profits would have been if he had secured such contracts. His evidence simply showed that during the preceding year the earnings from his business averaged $205 per week. While in some cases it is permissible to show past profits as a basis for determining future profits, that rule cannot be applied in a case like that of the plaintiff. In order to make any profits he must secure contracts, and it does not appear that he lost any contracts as a result of his disability, nor that he lost any profits by his inability to prosecute contracts on hand during the period of his disability.

The plaintiff testified that his suit, shoes, and overcoat were so cut by flying glass that they could not be worn again. The verdict submitted called upon the jury to determine the amount of his damages resulting from injury to his clothing. They awarded nothing. The evidence to sustain plaintiff's claim of damages in this respect was most general and indefinite. The clothes were not produced in court, their condition was not described, and the jury might well have doubted whether his suit under his overcoat was so completely ruined by flying glass as plaintiff's testimony would indicate. Under the evidence the jury could award nothing for damages in this respect unless they awarded damages for the full value of the clothes.

While we would have been better pleased with the verdict if a more liberal allowance had been made for plaintiff's pain and suffering, we cannot find great fault with the verdict in other respects, and even though the damages assessed are moderate we cannot say that substantial injustice has resulted. The interests of plaintiff will be better served by approving the verdict with respect to damages than by sending the case back for a new trial upon that issue.

In view of the disposition which we make of this and the companion cause of *Royer v. Wesley Saecker and L. C.*

*Phillips,* it is not necessary for us to consider whether prejudicial error resulted from the order of the court combining these two actions for the purposes of trial, and some other errors assigned and discussed.

*By the Court.*—Judgment reversed, and cause remanded with instructions to enter judgment in favor of the plaintiff for the amount of the damages assessed by the jury.

A motion for a rehearing was denied, without costs, on April 7, 1931.