6]  JANUARY TERM, 1922.  427

Wisconsin I. & C. Co. v. Chicago, N. S. & M. R. R. 177 Wis. 427.

WISCONSIN ICE & COAL COMPANY, Appellant, vs. CHICAGO, NORTH SHORE & MILWAUKEE RAILROAD, Respondent.

*May 9—June 6, 1922.*

*Street railways: Collision with vehicle on track: Municipal ordinances: Construction: Vehicles unloading at curb.*

1. Where plaintiff's truck backed to the curb for the purpose of unloading and delivering ice, the front end extending upon the tracks of the defendant railroad, and while in that position was struck by defendant's street car, if in backing the truck to the curb in such manner as to permit the front end to project upon the tracks plaintiff violated secs. 1222, 1223, and 1253 of the ordinances of the city of Milwaukee, it constituted negligence prohibiting recovery irrespective of defendant's negligence.

2. Said sec. 1222 prohibiting the placing of any vehicle crosswise of any street except to load and unload therefrom, and also making it unlawful for the owners or occupants of any building on any street in which the rails of any street railway company are laid to obstruct the passing of cars, was intended to authorize vehicles to back up to the curb crosswise of the street for the purpose of loading and unloading only on streets having no street-car tracks, and is not limited to owners or occupants of abutting property.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

On the 19th of September, 1920, a truck belonging to the plaintiff, loaded with ice, backed up to the curb in front of a butcher shop at 832 Grove street in the city of Milwaukee for the purpose of unloading and delivering ice to such butcher shop. The front end of the truck extended upon the tracks of the defendant railroad, which is authorized to do a general street-car business in the city of Milwaukee. While the truck was in this position one of the defendant's street cars struck the same causing damage thereto.

This action was brought in the civil court of Milwaukee county to recover the damages resulting from the collision.

The civil court found negligence on the part of the defendant railroad which constituted the proximate cause of said collision; that plaintiff, its agents and servants were not guilty of any negligence contributing to said collision; and rendered judgment in favor of the plaintiff. Defendant appealed to the circuit court for Milwaukee county, where the judgment of the civil court was reversed and judgment entered dismissing plaintiff's complaint with costs, from which judgment plaintiff brings this appeal.

For the appellant there was a brief by *Robert R. Freeman* and *Henry J. Bendinger,* both of Milwaukee, and oral argument by *Mr. Bendinger.*

For the respondent there was a brief by *Edgar L. Wood* of Milwaukee, attorney, and *A. L. Gardner* of Chicago, of counsel, and oral argument by *John H. McQuaid* of Milwaukee.

Owen, J. The following ordinances of the city of Milwaukee were introduced in evidence:

"Section 1222. It shall not be lawful for any person driving or having charge of any cart, wagon or other vehicle to drive or back any cart, wagon or other vehicle on the sidewalk of any of the streets of said city, or to stop any such cart or any other vehicle on any of the crosswalks or intersections of streets so as to obstruct or hinder the travel along such crosswalks or intersections of streets, or to place any such carts or other vehicles crosswise of any streets of said city, except to load thereon or unload therefrom; but in no case shall it be lawful for any person to permit such cart or other vehicle to 'remain so crosswise of any street for a longer period than may be actually necessary for such purpose; it shall not be lawful for the owner or occupant of any store, warehouse or building in any street or avenue in which the rails of any street railway company are laid to obstruct or interfere with the passing of street cars of any such street railway company.

"Section 1223. In no case shall a vehicle remain backed up to the curb excepting when actually loading or unloading.

"Section 1253. No vehicle shall be allowed to remain upon or be driven through any street of the city of Milwaukee so as wilfully to blockade or obstruct the traffic of that street."

If in backing the truck up to the curb in such a manner as to permit the front end thereof to project upon the tracks of the defendant railroad the agents and servants of the plaintiff in charge of the truck violated the provisions of these ordinances or any of them, it constituted negligence which prohibits a recovery irrespective of the negligence of the defendant. *Yahnke v. Lange,* 168 Wis. 512 (170 N. W. 722) and cases cited at page 516. Sec. 1222 of the city ordinance expressly prohibits any person driving or having charge of any vehicle from placing any cart or vehicle crosswise of any street in said city except to load thereon or unload therefrom, in which case such vehicle shall not remain crosswise of the street for a longer period than may be actually necessary for such purpose.

It is contended by appellant that this provision of the ordinance by implication permitted the plaintiff and its servants to leave the truck crosswise of the street a sufficient length of time to enable it to unload the ice. This would be true were it not for the closing sentence of sec. 1222, which provides:

"It shall not be lawful for the owner or occupant of any store, warehouse or building in any street or avenue in which the rails of any street railway company are laid to obstruct or interfere with the passing of cars of any such street railway company."

This section manifestly applies to all streets of the city of Milwaukee, those upon which street-car tracks are laid as well as those where such tracks are absent. We believe it was the intention of the common council to authorize vehicles to back up to the curb crosswise of the street for the purpose of loading and unloading on streets having no street-car tracks. It such case the presence of the truck crosswise of the street, while causing a temporary em-

barrassment to travel, would not make traffic impossible, as vehicles and pedestrians could find their way around the vehicle thus backed to the curb.  But upon streets upon which street-car tracks are laid and street cars are running to and fro, the presence of a truck so situated would constitute an embarrassment to a rapid public transit which is essential in metropolitan cities.  If this ordinance or other ordinances introduced in evidence were to be construed as authorizing plaintiff and its agents to place the truck on defendant's street-car tracks in the manner described, it would also authorize a similar placing of a moving van which might require hours to load or unload, and thus completely block street-car traffic.  This is a situation which, it is quite plain, the common council in enacting the ordinance in question studiously avoided.  While it permitted the owner of abutting property to back a vehicle crosswise of the street in front of his property and permitted it so to remain a sufficient length of time to enable loading or unloading on streets where there were no street-car tracks, it specifically provided that an owner should not in any manner interfere with street-car traffic.

It is true the ordinance provides that it shall not be lawful for the owner or occupant of any store, warehouse, or building, etc., to interfere with the passing of street cars. It is said that this refers only to the owner or occupant of property abutting on the street and does not apply to plaintiff.  This is untenable.  The owner certainly has rights in the street opposite his property which are not shared by the public in general.  The owner has an estate in fee to the center of the street opposite his property and has a right to the enjoyment of any use of his estate consistent with the servitude to which it is subjected.  *Hundhausen v. Bond,* 36 Wis. 29.  It was undoubtedly the purpose of this ordinance to regulate the use which the owners of property might make of the streets opposite their property, and is in the nature of a license or concession enacted by the council

pursuant to its power to regulate the use of the streets. The ordinance is not to be construed as prohibiting obstructions to street-car traffic only by the owners or occupants of abutting property. Certainly strangers do not have rights in the street superior to those of abutting property owners.

The plaintiff's servants violated the city ordinance in placing the truck so as to interfere with the passing of street cars, which conduct constituted negligence contributing to the collision and resulting damages. It follows that the judgment should be affirmed.

*By the Court.*—So ordered.