Trester & Trester, Inc., Appellant, vs. Kahn, Respondent.

*October 22, 1925—February 9, 1926.*

*Municipal corporations: Use of streets during construction of building: By abutting owner or builder: By municipal corporation: Liability for unreasonable obstruction: Permit by municipality: Protection: Evidence: Sufficiency: Damages: Concurring causes of damage: Instructions.*

1. One engaged in erecting a building acts for and on behalf of the owner and has the same rights in the public streets adjacent to the property that the owner himself would have if engaged in the work.    p. 64.

2. An abutting property owner has a right to deposit building materials in the adjoining street, which right he enjoys as an abutting owner and not because of his ownership of the fee subject to the public easement, such right, however, being limited by reasonable necessity, determined, in the absence of municipal regulations, by the circumstances of each particular case.    p. 64.

3. Where the right to occupy a street with materials in the course of building operations has been regulated by a valid ordinance which contemplates that travel shall not unduly be obstructed, a permit issued pursuant thereto is a protection to any person acting under it without negligence, but if the terms of the permit are violated he is liable to third persons sustaining special damages by reason thereof.    p. 65.

4. The question whether the use made of the street is reasonable is one of fact, depending on the width of the street, the size of the building, the amount of traffic, and other circumstances affecting the particular situation.    p. 65.

5. In an action for damages for diverting traffic by obstructing a city street, a finding of the jury that defendant did not have a permit in due form on a certain date, if error, does not affect a verdict for the plaintiff where the defendant's liability was predicated on a failure to comply with the terms of the permit, not in the failure to procure one.    p. 66.

6. The evidence in this case is *held* to warrant a finding that plaintiff sustained damages to his business in a loss of profits from a substantial diversion of travel from a particular street, which finding, though not expressly limited to damages caused by the unreasonable obstruction of a particular street, was sufficient when taken in connection with other dependent findings referring to a particular street.    p. 66.

7. A finding that plaintiff sustained a $500 loss of profits was warranted by the evidence where the damages had already accrued and where the actual experience of the plaintiff was some guide to the jury.   p. 67.

8. Although there was some diversion of travel due to the operation of a street railway in front of plaintiff's premises, to the acts of independent contractors, and to the lawful as well as unreasonable obstruction of the premises by the defendant, where the court instructed the jury that defendant was not liable for the acts of independent contractors, and the entire situation was before the jury, a finding of damages for plaintiff, though not expressly limited to the damages due to the unreasonable obstruction by the defendant, when taken in connection with the findings and the charge as a whole, is sustained.   p. 68.

9. While a municipality was held not liable for consequential damages because of the obstruction of a street while acting on behalf of the public (*Liermann v. Milwaukee,* 132 Wis. 628), an abutter acting for himself must exercise his rights in the manner prescribed by lawful authority; and his failure to comply with the terms of his permit, where it results in an unreasonable obstruction to travel, makes him liable to persons sustaining special damages by reason of that fact.   p. 69.

APPEAL from a judgment of the circuit court for Milwaukee county: OTTO H. BREIDENBACH, Circuit Judge. *Reversed.*

Plaintiff corporation is a dealer in men's furnishings, its place of business being located at 172 Third street in the city of Milwaukee, which runs north and south and crosses Grand avenue, one of the main business thoroughfares of the city of Milwaukee, at right angles. The defendant was erecting what is known as the Straus building, which faces Grand avenue on the south and Third street on the west. Just north of the north end of the Straus building is the plaintiff's place of business, being about one hundred feet from Grand avenue.

On May 31, 1923, the defendant procured from the proper public authorities a permit "to barricade forty feet of the sidewalk on Grand avenue and one hundred feet on Third street while erecting new building. A fenced-in passageway at least four feet wide must be maintained in

street for use of pedestrians." He also procured on July 25, 1923, a permit to deposit building materials on the east side of Third street north of Grand avenue, and a like permit was granted on September 7, 1923, each of which states upon its face that it is good for thirty days from the date of issue. It is the contention of the plaintiff that the defendant during the course of building operations, "in utter violation of the plaintiff's rights and, as the plaintiff is advised, in violation of the state law pertaining to the use of public sidewalks, continued to barricade the sidewalk after the time limited in the permit had expired."

While many evidentiary matters are cited in the complaint, it is very difficult to discover the legal theory upon which it was framed. It is probably intended to allege a cause of action for unreasonably obstructing the public street to the plaintiff's damage, although it is subject to the interpretation that, because there was an obstruction in the street at a time when the defendant had no permit therefor, a cause of action thereby arose in favor of the plaintiff. Much evidence was taken as to the nature of the barricade, the degree to which the street was obstructed, and upon the question of what amount of damage, if any, plaintiff sustained.

The cause was submitted to the jury, which returned the following verdict:

"(1) Did the defendant have from the city of Milwaukee a permit in due form for the erection and maintenance of a passageway or temporary sidewalk on the east side of Third street up to October 27, 1923? *A.* No.

"(2) Did the defendant fail to substantially comply with the terms and conditions of the permit which he had from the city of Milwaukee to erect and maintain a temporary sidewalk or passageway on the east side of Third street? *A.* Yes.

"(3) If you answer question 2 'No,' you need not answer the following question, but if you answer question 2 'Yes,' you will answer the following question: Was the temporary

sidewalk or passageway, as erected and maintained by defendant, a reasonably convenient sidewalk or passageway for the use of pedestrians? *A.* No.

"(4) If you answer question 2 'No,' you need not answer the following question, but if you answer question 2 'Yes,' then answer the following question: Did the failure on the part of the defendant to substantially comply with the terms and conditions of the permit which it had from the city of Milwaukee result in unreasonably obstructing pedestrian travel on the east side of Third street? *A.* Yes.

"(5) If you answer question 4 'No,' you need not answer the following question, but if you answer question 4 'Yes,' then answer the following question: Was there a substantial diversion of the pedestrian travel from the east to the west side of Third street by reason of the defendant's failure to substantially comply with the terms and conditions of the permit granted by the city of Milwaukee? *A.* Yes.

"(6) If you answer question 5 'No,' you need not answer the following question, but if you answer question 5 'Yes,' then answer the following question: Did the plaintiff sustain any loss by way of loss of profits from its business by reason of the substantial diversion of the pedestrian travel from the east to the west side of Third street from May to October, 1923? *A.* Yes.

"(7) If you answer question 6 'No,' you need not answer the following question, but if you answer question 6 'Yes,' then answer the following question: What is the amount of loss sustained by the plaintiff by way of loss of profits from its business resulting from the substantial diversion of the pedestrian travel from the east to the west side of Third street during the period named in the preceding question? *A.* $500."

Upon the coming in of the verdict there were motions by both parties for judgment. The trial court was of the opinion that under the principle laid down in *Liermann v. Milwaukee,* 132 Wis. 628, 113 N. W. 65, the plaintiff had sustained no legal injury and granted defendant's motion for judgment, which was entered, dismissing plaintiff's complaint and for costs in the sum of $167.52, from which judgment the plaintiff appeals.

For the appellant there was a brief by *Brennan, Lucas & O'Day* of Milwaukee, and oral argument by *Martin J. Brennan.*

For the respondent there was a brief by *Glicksman, Gold & Corrigan* of Milwaukee, and oral argument by *Walter D. Corrigan.*

The following opinion was filed November 17, 1925:

ROSENBERRY, J.    It appears that the defendant was engaged in the business of erecting a building situated at the intersection of two of the most important thoroughfares in the city of Milwaukee.    In that respect he must be held to be acting for and on behalf of the owner and to have the same rights in the public streets adjacent to the property that the owner would have if the owner himself were engaged in the work.    It is the undoubted law of this state that an abutting property owner has a right to deposit building materials and earth in the adjoining street, such right, however, being limited by reasonable necessity, to be determined, in the absence of municipal regulations, by the circumstances of each particular case.    This right he enjoys as an abutting owner and not because of his ownership of the fee subject to the public easement.    *Raymond v. Keseberg,* 84 Wis. 302, 54 N. W. 612.    (What is said in *Wisconsin I. & C. Co. v. C., N. S. & M. R. R.* 177 Wis. 427, 188 N. W. 482, must not be understood to overrule *Raymond v. Keseberg, supra,* the doctrine of which is adhered to.    What was said in *Wisconsin I. & C. Co. v. C., N. S. & M. R. R.* was merely by way of argument.)

It appears that the city of Milwaukee has, by the provisions of article 19 of its code, regulated the use of the streets by abutting property owners for the depositing of building materials as it was suggested it might do in *Raymond v. Keseberg, supra.*    The portion of the street which may be occupied under certain circumstances is there pre-

scribed; the abutter is required to procure a permit and to observe certain rules and regulations designed to promote the public safety. It is clearly contemplated by the terms of such ordinance that travel shall not unduly or unreasonably be obstructed.

It has been held that where the right to occupy the street with materials in the course of building operations has been regulated by valid ordinance, a permit issued pursuant to such regulation is a protection to any person acting under it without negligence. *Wood v. Mears,* 12 Ind. 515.

Whether a permit which authorized an unreasonable obstruction to public travel would be valid is another question. Whether the use made of a street in the particular case is reasonable or unreasonable is a question of fact, depending upon the width of the street, the size of the building being erected, the amount of traffic to be accommodated, and any other facts and circumstances which affect the situation. See *Jochem v. Robinson,* 66 Wis. 638, 29 N. W. 642; *Graves v. Shattuck,* 35 N. H. 257; *Hundhausen v. Bond,* 36 Wis. 29; *Stratton v. Staples,* 59 Me. 94. See, also, 1 Thompson, Comm. on Neg. p. 1096, § 1224, and cases cited.

There is no claim in this case but that the ordinance is a reasonable exercise of the power conferred upon the city of Milwaukee by its charter. While if the abutter complies with the terms of the permit and ordinance pursuant to which it is issued and exercises ordinary care in doing so he is protected, on the other hand, if he violates the terms of his permit and a third party sustains special damages by reason thereof, he is subject to liability. *Weick v. Lander,* 75 Ill. 93.

The jury in this case found that the defendant did not have a proper permit; that the sidewalk erected was not reasonably convenient; and that by reason of the defendant's failure substantially to comply with the terms and conditions of the permit the pedestrian travel by the plaintiff's

premises was unreasonably obstructed and diverted, and that by reason of such substantial diversion plaintiff sustained a loss of profits from its business, and assessed the damages at $500.

It is contended that the answer made by the jury to question number 1 is perverse. What was meant by the term "in due form" used in the question is difficult to understand, but in view of the fact that the defendant's liability is in no way predicated upon his failure to procure a permit, but rather upon failure of the defendant to comply with the permit, it cannot be said that the answer to question 1 is so unwarranted as to affect the validity of the verdict as a whole. The principal contention of the defendant relates to questions 6 and 7, and defendant alleges that the proof is insufficient to sustain the answers to them. It must be conceded that the rights of the defendant might have been better guarded. Question 7 does not in terms limit recovery to the amount of damages sustained by the unreasonable obstruction of Third street, but, when taken in connection with questions 5 and 6, we think it is clear that the jury could have had no other "substantial diversion of the pedestrian travel" in mind than that which they were required to find in answer to question 5. It must be borne in mind that damages for which recovery is claimed in this case were not future damages but damages which had already accrued. While the proof is not as clear and explicit as it might be, it must be held that it is sufficient to warrant the jury in making the finding which it made.

It appears that the plaintiff's store was open for business in October, 1921. During the months of June, July, August, September, and October, 1922, it made a profit of $491. The evidence also tends to show that the business was conducted and managed in the year 1923 as in 1922 during the months in question. There is also evidence to the effect that the haberdashery business was better dur-

ing the year 1923 than 1922, but during the months of June, July, August, September, and October, 1923, the plaintiff sustained a loss of $325. While some criticism can be made as to certain matters which were presented to establish profits in 1922 and losses in 1923, we think upon the whole it must be said that the evidence warrants a finding that the plaintiff sustained damage in the amount of $500. The jury apparently took into consideration the matters as to which objection is made.

It is very earnestly contended that under the doctrine of *Poposkey v. Munkwitz,* 68 Wis. 322, 32 N. W. 35; *American S. L. Co. v. Riverside P. Co.* 171 Wis. 644, 177 N. W. 852; and *Edward E. Gillen Co. v. John H. Parker Co.* 170 Wis. 264, 171 N. W. 61, 174 N. W. 546, there can be no recovery because the proof is too indefinite and uncertain to support the finding of the jury with respect to the amount of damages attributable to the unlawful acts of the defendant. Attention has already been called to the fact that the damages claimed in this case are not prospective but had accrued, and therefore the actual experience of the plaintiff was some guide at least to the jury. *Cook v. M., St. P. & S. S. M. R. Co.* 98 Wis. 624, 74 N. W. 561, is also cited to our attention, but it is not applicable, for this is not a case where the entire injury would have occurred from any one of the four causes which operated. There was no doubt some diversion of travel by the premises of the plaintiff due (1st) to the fact that defendant was lawfully occupying the street during a part of the period for which damages are claimed,—for this of course there could be no recovery; (2d) some part of the diversion of the pedestrian travel was due to the fact that the street was occupied by independent contractors over whom the defendant had no control; (3d) some part was due to the obstruction and operations of the street railway company; and (4th) some part was due to the unreasonable obstruction of the street by the defendant as found by the jury.

The court at the request of the defendant instructed the jury as follows:

"In connection with questions numbered 5, 6, and 7, the court instructs you that such diversion of pedestrian traffic, if any, as was caused by the piling and delivery of material by independent contractors, cannot be considered as caused by defendant. He is in no way responsible for any wrong, if any was committed, by people delivering or piling material, who had independent contracts for the sale and delivery of material at the building site."

As already pointed out, question 7 does not in terms limit recovery to the damage sustained by the plaintiff by reason of the unreasonable obstruction of the street by the defendant, but, taking the verdict and the charge as a whole, it is held that the jury were required to find in answer to question 7 the amount of damages which was sustained by the plaintiff by reason of the unlawful obstruction of the street resulting in the diversion of pedestrian travel. The four producing causes operated separately and independently and at different times. The entire situation was before the jury, and their finding had sufficient evidence to support it within the rule laid down in *Treat v. Hiles,* 81 Wis. 280, 50 N. W. 896. See, also, *Gross v. Heckert,* 120 Wis. 314, 97 N. W. 952. See discussion in *Guetzkow Bros. Co. v. A. H. Andrews & Co.* 92 Wis. 214, 66 N. W. 119; *Richey v. Union Cent. L. Ins. Co.* 140 Wis. 486, 122 N. W. 1030.

"Cases are not dismissed nor are judgments reversed merely because of difficulty in fixing accurately the amount of the damages." *Rogers v. Rosenfeld,* 158 Wis. 285, 291, 149 N. W. 33.

This case is not ruled by *Liermann v. Milwaukee,* 132 Wis. 628, 113 N. W. 65. In that case there was an obstruction to the travel in the street in front of plaintiff's premises due to an improvement in the street itself, and it was there said:

"So far as a city directs and controls the depression of

railway tracks within its limits for the purpose of avoiding grade crossings it is acting in pursuance of a duty imposed by law for the general welfare of the community and is not liable for losses to its inhabitants resulting from the temporary obstruction of traffic on the streets."

And it was also held that the complaint (the question in that case being raised upon demurrer) set out no facts indicating that the city had created or authorized a nuisance and therefore stated no cause of action. And it was further held that the complaint was defective in failing to show any legal injury. It was said:

"The only losses which he claims are not damages to an existing business or to good will, but the loss of prospective customers who might have come down the road and who might have stopped at his shop had it not been for this obstruction."

The court said that a municipality was not liable in an action at law for this class of consequential damages. In that case a municipality was acting on behalf of the public; here an abutter is acting for himself in the exercise of his rights as an abutter, which he must do in the manner prescribed by the lawful authority, and his failure to comply with the terms of his permit, where it results in an unreasonable obstruction to travel, makes him liable to persons who sustain special damages by reason of that fact. While the evidence is not such as to permit of the application of any mathematical rule or computation for the ascertainment of plaintiff's damages, the proof is not more indefinite in that respect than in many if not in most tort actions.

*By the Court.*—Judgment of the circuit court is reversed, and cause remanded with directions to enter judgment for the plaintiff upon the verdict.

A motion for a rehearing was denied, with $25 costs, on February 9, 1926.